**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SHARIF SALAAM, : | |
| : | |
| Petitioner, : | Civil Action No. 05-5701 (JAG) |
| : | |
| v. : | |
| : | **O P I N I O N** |
| UNITED STATES DEPARTMENT OF : | |
| HOMELAND SECURITY, et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

Sharif Salaam, Pro Se
#A18 107553
Perry County Correctional Center
Bravo-4-Bed-50
Uniontown, AL 36786

Jafer Aftab
Assistant U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07102
Attorney for Respondents

**GREENAWAY, JR.**, District Judge

   On December 6, 2005, Petitioner submitted for filing to the Clerk of this Court a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.[1]  On March 9, 2006, Respondents filed a Response to the Petition.  Petitioner filed a Reply to

---

   [1] Although currently detained in Alabama, at the time this petition was filed, Petitioner was being detained by the Bureau of Immigration and Customs Enforcement ("BICE") at the Monmouth County Jail, Freehold, New Jersey.  When a habeas petitioner "properly files a habeas petition in the district where he is incarcerated, and the petitioner is subsequently transferred to a facility outside of that district, the Attorney General of the United States may be deemed a 'custodian' to allow the original District Court to retain jurisdiction over the habeas petition." Chavez-Rivas v. Olsen, 194 F. Supp.2d 368, 376 (D.N.J. 2002).

the Response on September 21, 2006.  Petitioner contends that he cannot be removed to Jamaica, the country of his citizenship, and that his indefinite detention, in lieu of removal, is unconstitutional.  The named respondents are the United States Department of Homeland Security, the United States Citizenship and Immigration Service, the Bureau of Immigration and Customs Enforcement, and Charles Meyers, the warden of the Monmouth County facility.

## BACKGROUND

Petitioner is a national of Jamaica.  He was admitted to the United States in 1968 as a legal permanent resident.  In 1985, he was convicted of second-degree manslaughter.  In 1999, he was convicted of possession of stolen property.  As a result of these convictions, on June 2, 2004, the Bureau of Immigration and Customs Enforcement ("BICE") detained Petitioner pending removal proceedings.  Petitioner was ordered removed by an Immigration Judge ("IJ") on March 17, 2005.  The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal on August 24, 2005.

Respondents state that on October 25, 2005, Petitioner filed an untimely petition for review and obtained a stay of removal in the Court of Appeals for the Second Circuit.  Petitioner stated in his reply to Respondents' Answer that there is no stay of removal in place.  In fact, a review of the record provided by Respondents did not evidence a stay of removal, so this Court

ordered Respondents to produce evidence of the stay by Order dated July 24, 2006.

On August 9, 2006, Respondents provided a letter stating that Petitioner moved for a stay, which was automatically granted by the Court of Appeals for the Second Circuit. Respondents attached an Order granting Petitioner's stay of removal to the letter. Petitioner has not responded to Respondents' recent filing.

On October 17, 2005, the immigration service requested travel documents from the Jamaican consulate. The Jamaican consulate informed Respondents that they are willing to issue travel documents upon resolution of the petition for review.

On December 30, 2005, Petitioner's custody was reviewed and a "Decision to Continue Detention" was issued. The BICE informed Petitioner:

> You are not being released from ICE custody because: Your removal from the United States is imminent. ICE is in possession of documents to confirm you are a citizen of Jamaica and a travel document is readily available. ICE is precluded from enforcing your removal from the United States based on a Stay of Removal issued by the Second Circuit of Appeals. Furthermore, due to your convictions for manslaughter, attempted assault and simple battery, you must be considered a threat to the community.

(See "Decision to Continue Detention," Respondents' Exhibit E to Declaration of Jafer Aftab).

**DISCUSSION**

The petitioner seeks a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, unless the petitioner can demonstrate that his custody violates federal statutory or constitutional law or a treaty of the United States, his petition must be denied for lack of merit.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

4

>    (iii) If the alien is detained or confined (except
>    under an immigration process), the date the alien is
>    released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively reasonable six-month period of post-removal-order detention has passed, an alien must be released if he can establish that his removal is not reasonably foreseeable.  See Clark v. Martinez, 543 U.S. 371 (2005); Zadvydas v. Davis, 533 U.S. 678 (2001).

In addition § 1231(a)(1)(C) provides that the removal period shall be extended, and the alien may remain in detention during such extended period, if the alien "acts to prevent the alien's removal subject to an order of removal."

Here, Petitioner argues that he should not be subject to incarceration simply because his removal has been stayed.  However, it has been held that because Petitioner has a stay of removal in effect, the post- order removal period does not begin until the Court decides the petition for review.  See Vasquez v. Immigration and Customs Enforcement, 2005 WL 3481523 at *2 (3d Cir. Dec. 21, 2005)(unpubl.) (citing 8 U.S.C. § 1231(a)(1)(B)(ii)); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002)(by applying for stay, petitioner interrupted

5

the running of the time under Zadvydas); Evangelista v. Ashcroft, 204 F. Supp.2d 405, 409 (E.D.N.Y. 2002)(petitioner's reliance on Zadvydas to be released from detention is "disingenuous" when sole reason being held is his requested stay of deportation); Hines-Roberts v. Ashcroft, 2003 WL 21305471 at *3 (D. Conn. June 5, 2003) (as a result of stay of deportation, Attorney General could not seek to bring about petitioner's deportation, and therefore, period of detention does not raise due process issue presented in Zadvydas); Archibald v. INS, 2002 WL 1434391 at *8 (E.D. Pa. July 1, 2002) (unpubl.) (because petitioner asked for and was granted stay of deportation, he is not being held in violation of Zadvydas, but rather held pursuant to stay he requested).

According to the documents submitted by Respondents, Petitioner was granted a stay of the removal in the Second Circuit.  Thus, this Court finds that, as the stay is still in effect, the ninety-day removal period, and the presumptively-reasonable six-month period has not yet begun to run, pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii).

Moreover, there is no indication in the record that Petitioner's removal to Jamaica is not reasonably foreseeable if the stay of removal is lifted.  Travel documents have been confirmed, and the government is ready to remove Petitioner as soon as the stay is lifted; it would appear that Petitioner's

continued detention also complies with the mandates of Clark and Zadvydas.

Petitioner also contends that the sheer length of his prolonged detention violates his right to due process under the Fifth Amendment. In Oyedeji v. Ashcroft, 332 F. Supp.2d 747 (M.D. Pa. 2004), the district court noted that the "price for securing a stay of removal should not be continuing incarceration," and concluded that the Due Process Clause of the Fifth Amendment requires that a criminal alien should be afforded an opportunity to be heard on the question of conditional release pending judicial review of a final administrative order of removal, the execution of which has been stayed by judicial order. See Oyedeji, 332 F. Supp.2d at 753-754; Harrison v. Hogan, 2005 WL 2020711 (M.D. Pa. July 18, 2005); Haynes v. Department of Homeland Security, 2005 WL 1606321 (M.D. Pa. July 8, 2005).

The Third Circuit has held that:

> [w]hen detention [of an alien] is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable. The fact that some aliens posed a risk of flight in the past does not mean they will forever fall into that category. Similarly, presenting danger to the community at one point by committing crime does not place them forever beyond redemption.

Ngo v. INS, 192 F.3d 390, 398 (3d Cir. 1994). The fact that a stay of removal has been issued in this case should not change

7

this result.  See Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003)(an alien not normally subject to indefinite detention as in Zadvydas should not be detained simply because he seeks avenues of relief legally available to him; while the alien may be responsible for seeking a stay of removal, he is not responsible for the length of time such determinations may take); Oyedeji, 332 F. Supp.2d at 753 (the price for securing a stay of removal should not be indefinite detention).

    Thus, having concluded that Petitioner is protected by the Fifth Amendment's Due Process Clause, this Court must next determine the review to which Petitioner is entitled with respect to conditional release.  Title 8 of the Code of Federal Regulations, section 241.4 governs the review process, and section 241.13 governs determinations of the likelihood of removal.[2]

---

[2]  Under 8 C.F.R. § 241.4(i), the Director of the Headquarters Post-Order Detention Unit ("HQPDU") is required to designate a two-person panel to make recommendations on whether an alien should be released or detained.  This recommendation must be unanimous.  The initial review, and at the beginning of subsequent reviews, the review panel examines the alien's records.  If the panel does not recommend release, or if the HQPDU Director rejects a recommendation for release, the alien shall be personally interviewed by the review panel.  The alien may have a representative at this interview, subject to reasonable security concerns, and he may submit any information he believes may be pertinent in securing his release.

    Under 8 C.F.R. § 241.4(d), an alien may obtain a conditional release from detention by showing that his release will not pose a significant risk of flight and danger to the community, to the safety of others or to property pending removal.  Under 8 C.F.R. § 241.4(e), an alien is eligible for release if th review panel or the HQPDU Director find that the following criteria are met: (1) travel documents are not available or immediate removal is

Here, the administrative record shows that Petitioner did receive a custody review in December of 2005, consisting of an examination of Petitioner's file. A written "Decision to Continue Detention" was dated December 30, 2005, and was sent to Petitioner. Thus, having carefully reviewed the record, this Court finds that Petitioner is not entitled to any greater custody reviews than that which the BICE has already provided. Petitioner's continued detention does not violate due process and is not constitutionally impermissible at this juncture because he has been afforded an individualized custody review. Therefore, the petition will be denied without prejudice to allow Petitioner the opportunity to reassert his claims regarding continued detention if the BICE does not provide adequate due process in the future.[3]

## CONCLUSION

Based upon the foregoing, Petitioner's application for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, is denied

---

otherwise not practicable or not in the public interest; (2) the alien is presently a non-violent person; (3) the alien is likely to remain non-violent if released; (4) the alien is not likely to pose a threat to the community if released; (5) the alien is not likely to violate the conditions of release; and (6) the alien does not pose a significant flight risk if released.

[3] Petitioner also filed a motion for summary judgment (docket entry 8). The arguments advanced in the motion concern Petitioner's underlying removal order and procedures, as opposed to his detention, and therefore, are more properly raised in his petition for review pending in the Court of Appeals for the Second Circuit. Petitioner's motion will be denied.

9

without prejudice.  An appropriate Order accompanies this Opinion.

 S/Joseph A. Greenaway, Jr.  
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: November 9, 2006